UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARY LOUISE ORR, et al.,<br><br>  Defendants. | Case No. 22-cv-01137-JSW<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND SUPPLEMENTAL JURISDICTION** |

On August 8, 2022, Defendants filed an administrative motion to lift the stay on discovery imposed by General Order 56 to permit Defendants to conduct discovery on Plaintiff's standing to sue. Under Northern District Civil Local Rule 7-11, Plaintiff's opposition was due on August 12, 2022. Plaintiff has not filed an opposition.

Plaintiff has filed suit seeking relief under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The only remedy available for Plaintiff's ADA claim is injunctive relief, but the Unruh Act provides for damages. *See, e.g., Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021). "[A] plaintiff must demonstrate standing for each claim [they seek] to press and for each form of relief that is sought." *Town of Chester, N.Y v. Laroe Estates, Inc.*, 137 S. Ct 1645, 1650 (2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). In *Arroyo*, the Ninth Circuit noted that although California has enacted stricter filing requirements for "high frequency litigants" to file

claims under the Unruh Act, litigants have "evaded those limits" by bringing claims in federal courts alleging violations of the ADA and the Unruh Act. 19 F.4th at 1213. The court found "[t]hese circumstances are 'exceptional' in any meaningful sense of the term." *Id.*

In light of the issues raised in Defendants' administrative motion and having reviewed Plaintiff's Complaint, Plaintiff and Plaintiff's counsel are HEREBY ORDERED TO SHOW CAUSE:

1. Why the Court should not dismiss this case for lack of Article III standing. In response, Plaintiff and Plaintiff's counsel shall submit separate declarations sworn under penalty of perjury that substantiate the jurisdictional allegations, including allegations regarding Plaintiff's initial visit to the establishment, Plaintiff's intent to return to the establishment, and counsel's pre-filing investigation on the jurisdictional allegations.

If the Court concludes the jurisdictional allegations in the declarations are facially adequate, Defendant(s) shall have the option to conduct limited jurisdictional discovery on whether Plaintiff visited the establishment and on Plaintiff's intent to return. The Court reserves the right to conduct an evidentiary hearing on the standing issue.

2. Why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim. In response, Plaintiff and Plaintiff's counsel shall submit declarations that provide the Court with the information necessary to determine if Plaintiff is a "high-frequency litigant," as that term is defined in California Code of Civil Procedure sections 425.55(b)(1) and (2).

The response to this Order to Show Cause is due within 21 days. If Plaintiff and Plaintiff's counsel fail to file a timely response, the Court shall dismiss the case without prejudice. Pending a response to the Order to Show Cause all deadlines set forth in General Order 56 shall be tolled.

**IT IS SO ORDERED**.

Dated: August 15, 2022

_____
JEFFREY S. WHITE
United States District Judge